SCHOTT, Judge,
concurs:
I agree with the majority that the partnership was effectively dissolved by unanimous consent of the partners on the day after the departing doctors made new leases for themselves. The parenthetical clause “when a consent to dissolve shall be signed by all the partners” was merely a directive for the partners to acknowledge what had occurred. By refusing to sign such a consent a partner could not undo what already occurred, namely, the dissolution.
As to appellant’s complaint that he was prevented from producing evidence at the trial of the rule, he does not suggest what evidence he might have presented which would have any bearing on the outcome of the rule. There has never been any suggestion that appellant did not sign the original agreement of February 21, 1983 or that leases were not entered into by the departing doctors. As to why appellant failed or refused to sign the “consent to dissolve” this was irrelevant. No matter what motivated appellant to refuse to cooperate, the partnership was already dissolved pursuant to his and the others’ earlier agreement.
Finally, I am compelled to observe that this entire appeal seems moot and the issues purely academic. Appellant took a devolutive appeal from the judgment, and the liquidation has proceeded to a conclusion. It is my understanding that all assets have been distributed to the partners and the liquidator has been discharged. Appellant has failed to point out in brief or argument what would be accomplished as a practical matter even if the court agreed with him to reverse the trial court.